UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA ELIZABETH ORRICK, | ) | |
| as Next Friend of D.E., a minor, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV2149 SNLJ |
| | ) | |
| SMITHKLINE BEECHAM | ) | |
| CORPORATION, d/b/a | ) | |
| GLAXOSMITHKLINE, and | ) | |
| GLAXOSMITHKLINE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand based on the presence of a non-diverse plaintiff. The removing defendants oppose remand alleging plaintiffs fraudulently joined and fraudulently misjoined the non-diverse plaintiff for the sole purpose of defeating diversity jurisdiction. Also before this Court is defendants' motion for leave to file an amended notice of removal and motion for jurisdictional discovery. The motions have been fully briefed, and this matter is ripe for disposition. For the following reasons, the Court concludes that federal diversity jurisdiction does not exist, and plaintiffs' motion to remand must be granted.

I.    **Background**

Plaintiffs originally filed this cause of action in the Circuit Court of the City of St. Louis against defendants for claims involving the prescription drug Paxil® ("Paxil"). Plaintiffs are mothers who filed the action as next friends of their minor children claiming

that their minor children suffered congenital birth defects, disorders, and/or related illnesses as a result of their own ingestion during pregnancy of Paxil.  Plaintiffs allege that Paxil was researched, developed, tested, manufactured, promoted, marketed, labeled, and distributed by defendants SmithKline Beecham Corporation d/b/a GlaxoSmithKline, and GlaxoSmithKline, LLC ("defendants").  Plaintiffs allege that Paxil's design is unreasonably dangerous and defective; that defendants knew or should have known that Paxil use during pregnancy posed an increased risk of congenital birth defects and other malformations; that defendants failed to adequately warn doctors and the consuming public of such risks; that defendants failed to properly test, study, and report the adverse effects of Paxil use during pregnancy on the developing fetus; that defendants marketed Paxil using false and misleading information with regard to safety and efficacy; and that, in doing all of the foregoing, defendants acted with evil motive or reckless disregard for the rights of the plaintiffs and the public.  Plaintiffs' third amended complaint alleges claims of negligence and negligence per se, negligent pharmaco-vigilance, strict liability failure to warn, and fraud and seeks actual and punitive damages.

Plaintiffs are citizens of 32 states including Missouri and Delaware.  Defendants are citizens of Delaware.  Defendants removed this case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.  In their notice of removal, defendants allege that the one plaintiff who is a citizen of Delaware is fraudulently joined and fraudulently misjoined.  Defendants submitted pharmacy records showing the non-diverse plaintiff's Paxil prescription was not filled.  More than thirty days after they were served, defendants filed a motion for leave to file an amended notice of removal adding facts and

argument in support of their fraudulent joinder argument, alleging that the non-diverse plaintiff's claim is barred by the applicable statute of limitations.

Plaintiffs filed a motion to remand requesting that this Court remand this matter to the Circuit Court of the City of St. Louis pursuant to 28 U.S.C. § 1447(c) because the Court lacks jurisdiction as the non-diverse plaintiff is not fraudulently joined or fraudulently misjoined. Plaintiffs submitted pharmacy records showing that the non-diverse plaintiff's Paxil prescription was filled during her pregnancy. The defendants oppose remand alleging that the non-diverse plaintiff is fraudulently joined as the allegations in the complaint with regard to her claim fail to state a claim and her claim is barred by the applicable statute of limitations. Additionally, defendants allege that the non-diverse plaintiff is fraudulently misjoined because the plaintiffs' varied claims fail to satisfy the basic requirements for permissive joinder in that they do not arise out of the same transaction, occurrence, or series of transactions or occurrences.

## II.     Legal Standard – Jurisdiction, Removal, and Remand

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between citizens of different states." "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *In re*

3

*Prempro,* 591 F.3d at 620 (quoting *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir.2007)). "[I]n a case where there are plural plaintiffs and plural defendants a federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants." *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 403-04 (8th Cir. 1977).

28 U.S.C. § 1441 and § 1446 govern removal of a state court action to federal court. Pursuant to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." A notice of removal may be amended during the 30 day period during which the removal may be filed. *Whitehead v. The Nautilus Group, Inc.*, 428 F.Supp.2d 923, 928-29 (W.D. Ark. 2006); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002). However, the notice can only be amended to add specific facts supporting the originally stated grounds for removal or to clarify the grounds for removal as stated in the original notice. *Id.* The amendment cannot add new grounds for removal once the 30 day period has expired. *Id.*

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The party invoking federal jurisdiction bears the burden of showing that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). "[A]ll doubts about federal

4

jurisdiction [are resolved] in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997).

## III. Discussion

Plaintiffs move for remand on the grounds that there is not complete diversity between plaintiffs and defendant. Defendants oppose remand arguing that the plaintiffs fraudulently joined and fraudulently misjoined the non-diverse plaintiff for the sole purpose of defeating diversity jurisdiction and her presence should be disregarded in determining jurisdiction.

### A. Fraudulent Joinder

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse [party] solely to prevent removal." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010) (citing *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)). The removing party alleging fraudulent joinder bears the burden of proving the alleged fraud. *Manning v. Wal-Mart Stores East, Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004). To prove fraudulent joinder of a diversity-destroying plaintiff, the defendant seeking removal must prove that the diversity-destroying plaintiff's claim has "no reasonable basis in fact and law." *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla*, 336 F.3d at 810). This determination must be made in accordance with the standard set forth in *Filla v. Norfolk Southern Ry. Co.* as opposed to the Rule 12(b)(6) dismissal standard. *Knudson*, 634 F.3d at 979-80. By requiring proof that the non-diverse party's claim has no reasonable basis in law and fact, the court requires more than mere proof that the

5

claim should be dismissed pursuant to a Rule 12(b)(6) motion. *Id.* at 980 (citing *Junk,* 628 F.3d at 445) (noting that the Rule 12(b)(6) standard is "more demanding" than the *Filla* standard)). "In this analysis, we do not focus on the artfulness of the plaintiff's pleadings." *Id.* (citing *Wilkinson v. Shackelford,* 478 F.3d 957, 964 (8th Cir. 2007)).

Under a fraudulent joinder analysis, the court resolves all facts and ambiguities in the controlling substantive law in the plaintiffs' favor and has no responsibility to definitively settle the ambiguous question of state law. *Filla*, 336 F.3d at 811. "[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id*. "[I]n situations where the sufficiency of the complaint [as to the non-diverse party] is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 n.6 (8th Cir. 1977).

In the original notice of removal, defendants allege that the non-diverse plaintiff has no prospect of obtaining a judgment because her pharmacy records show that her Paxil prescription was not filled. In support of their motion to remand, plaintiffs offer pharmacy records showing that the non-diverse plaintiff's prescription for Paxil was filled during her pregnancy. Defendants concede that these records create an issue of fact on the question of whether the non-diverse plaintiff ingested Paxil during her pregnancy.

Defendants argue, however, that the pharmacy records do not mean there is a reasonable basis for the claim and that the complaint "is utterly devoid of the minimum

6

facts necessary to state a claim upon which relief can be granted." Further, defendants argue that plaintiffs have not "produced facts demonstrating a causal nexus between the alleged misconduct and the doctor's decision to prescribe Paxil." Defendants contend this omission is fatal to the claim citing to numerous district court cases dismissing complaints based on the Rule 12(b)(6) dismissal standard. Defendants' argument and their reliance upon Rule 12(b)(6) dismissal orders is misplaced. The law is clear that the Rule 12(b)(6) analysis is not the standard at this juncture. Defendants fail to address the *Filla* fraudulent joinder standard, fail to even suggest that the non-diverse plaintiff's claim has no reasonable basis in law and fact, and, as a result, fail to satisfy their burden to establish fraudulent joinder under the applicable standard.

Instead, defendants primarily rely on the argument in their amended notice of removal that the non-diverse plaintiff is fraudulently joined because the claim is barred by the statute of limitations. Plaintiffs have opposed the filing of the amended notice of removal arguing that it is untimely and attempts to assert a new basis for removal. It appears, however, that plaintiffs are taking a narrow view of the issue. In both the original notice of removal and the amended notice of removal, the basis for removal is diversity and defendants allege that the sole non-diverse plaintiff is fraudulently joined and fraudulently misjoined. This is not a case where removal was originally based on diversity and then later the removing party attempts to allege jurisdiction based on federal question. Nor is it a case where the removing defendant alleges jurisdiction based on federal question and then later attempts to allege jurisdiction based on a different statute for federal question.

7

Assuming defendants are allowed to file their amended notice of removal, the additional allegations do not establish fraudulent joinder. Defendants make a rather fact-intensive argument for why the non-diverse plaintiff's claim fails under the applicable statute of limitations. Such a defense, however, is not apparent "on the face" of plaintiffs' complaint. The argument posited by defendants would require the Court to delve into the merits of the applicable statute of limitations issue and require the Court to make factual determinations from disputed facts. This Court will not step from the threshold jurisdictional issue into a decision on the merits. *Filla*, 336 F.3d at 811. Further, this is not necessary as "all doubts . . . should be resolved in favor of remand to state court." *Prempro*, 591 F.3d at 620.

With respect to the statute of limitations arguments, plaintiffs must only show a "colorable" cause of action to withstand the fraudulent joinder argument, meaning that they must show that state law *might* impose liability under the facts alleged. *Id.* at 810. Defendants contend that the non-diverse plaintiff had notice of her claim more than two years before she commenced her lawsuit and, as such, her claim is barred by the applicable statute of limitations.[1] In support of their position, defendants point to various news and other media reports, the general issuance of "Dear Doctor" letters, a 2005 change in the Paxil labeling, and the date of a medical authorization signed by the non-diverse plaintiff for "possible litigation" in an attempt to show that the non-diverse plaintiff had notice of her potential claim more than two years before she commenced her

---

[1] Defendants maintain that Delaware's two year statute of limitations for personal injury actions applies to the non-diverse plaintiff's claim.

lawsuit. Plaintiffs contend that even if defendants' arguments are considered there is a fact question as to when the non-diverse plaintiff would have been on notice of a potential claim. Plaintiffs argue defendants have offered at least fifteen potential triggering dates, one or more of which would be within the statute of limitations.[2] Additionally, the complaint alleges that plaintiffs filed this action within the applicable limitations period of first suspecting that Paxil was the cause of their children's injuries. Plaintiffs' complaint further alleges:

> Plaintiffs could not by the exercise of reasonable diligence, have discovered the wrongful cause of the Paxil-induced injuries at an earlier time because, at the time of these injuries, the cause was unknown to Plaintiffs. Plaintiffs did not suspect, nor did Plaintiffs have reason to suspect, the cause of these injuries or the tortious nature of the conduct causing these injuries until less than the applicable limitations period prior to the filing of this action. Additionally Plaintiffs were prevented from discovering this information sooner because [defendants] misrepresented and continued to misrepresent to the public and the medical profession that the drug was safe to take during pregnancy, and [defendants] had fraudulently concealed facts and information that could have led Plaintiffs to discover a potential cause of action.

This Court finds that the allegations in the complaint, including the allegations with regard to the applicable limitations period, are sufficient to make a colorable claim for the non-diverse plaintiff and for this Court to conclude that there is arguably a reasonable basis for predicting that state law might impose liability. *Filla*, 336 F.3d at 800. "This conclusion is 'all that is required to defeat a fraudulent joinder challenge.'" *Junk*, 628 F.3d at 447 (quoting *Wilkinson*, 478 F.3d at 964). Thus, applying the

---

[2] Further, there is a contested issue as to the date on which the plaintiffs' lawsuit would be considered commenced for purposes of the statute of limitations.

fraudulent joinder analysis, defendants cannot show that the non-diverse plaintiff lacks a colorable claim. As a result, complete diversity of citizenship does not exist.

B. **Fraudulent Misjoinder**

The "Eighth Circuit has not yet determined whether removal based on diversity of citizenship can be thwarted where there is fraudulent misjoinder." *Woodside*, 2014 WL 169637, at *2 (citing *Prempro*, 591 F.3d at 620).

> Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction.

*Prempro*, 591 F.3d at 620 (quoting Ronald A. Parsons, Jr., *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L.Rev. 52, 57 (2008)). The *Prempro* Court declined to adopt or reject the fraudulent misjoinder doctrine because it concluded that "the plaintiffs' alleged misjoinder [was] not so egregious as to constitute fraudulent misjoinder." *Prempro*, 591 F.3d at 622. The *Prempro* case was, like this case, a lawsuit based on pharmaceutical products liability, and each plaintiff alleged he or she had been harmed by a type of drug. The plaintiff alleged that the manufacturers had conducted a national sales and marketing campaign to falsely promote the safety and benefits of the drugs and understated their risk, so plaintiffs contended that their claims were logically related because each developed breast cancer as a result of the defendants' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling the drugs. *Id.* The Eighth Circuit concluded that plaintiffs' claims arose from a series of

transactions involving the drug manufacturers and users, that common questions of law and fact were likely to arise, and thus there may be a "palpable connection" between the plaintiffs' claims. *Id.* at 623. That was in contrast to the Eleventh Circuit case that first considered and adopted the fraudulent misjoinder doctrine, in which the plaintiffs were comprised of two distinct groups with two distinct claims against unrelated defendants. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). There, the Eleventh Circuit held that the plaintiffs' joinder of the two groups of unrelated defendants was "so egregious as to constitute fraudulent joinder." *Id.*

Here, plaintiffs are each alleged to have been injured by the same product and arising from the same development, distribution, marketing, and sales practices for that product. As a result, common questions of law and fact are likely to arise, and thus there is at least a "palpable connection." Defendants argue that plaintiffs have thrown together any and all plaintiffs with the one plaintiff who can destroy diversity and that this Court should not permit such tactics. However, as the Eighth Circuit has held, "if the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." *Iowa Pub. Serv. Co.,* 556 F.2d at 404. As in the *Prempro* case, even if the fraudulent joinder doctrine is applied, it does not support this Court's exercise of jurisdiction. As this Court has found in several recent cases, the joinder of parties alleging injury by the same product and arising from the same development, distribution, marketing, and sales practices for that product is not egregious, because common issues of law and fact connect plaintiffs' claim." *McGee v. Fresenius Medical Care North America, Inc.*, 4:14CV967 SNLJ, 2014 WL 2993755, at

*4 (E.D. Mo. July 3, 2014) (citing *Woodside v. Fresenius Medical Care North America, Inc.*, 4:13CV2463 CEJ, 2014 WL 169637, at *3 (E.D. Mo. Jan. 15, 2014) (collecting cases)).

IV. **All Other Pending Motions**

There are a number of other pending motions in this case that can be summarily ruled on in light of the Court's determination as to plaintiffs' motion to remand as set forth and discussed herein. Defendants' motion for leave to file an amended notice of removal is denied as moot. Defendants' requested limited discovery on the statute of limitations issue for purposes of diversity jurisdiction is denied as moot. Finally, the Court will deny the request to sever and transfer as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand (ECF #31) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion for leave to file an amended notice of removal (ECF #16), motion for jurisdictional discovery (ECF #55), and motion to sever and transfer (ECF #44) are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall remand this action to the Circuit Court of the City of St. Louis, Missouri, from which it was removed.

Dated 13th this day of August, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE